21-016013-CD FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 11/19/2021 9:35 AM Carlita McMiller

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

LA VAUGHN TAYLOR-HAYWOOD,

    Plaintiff,

v.

    Case No: 21-    -CD

    Hon.

HENRY FORD HEALTH SYSTEM,
and CIGNA HEALTHCARE, INC.

    Defendants.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

**RECEIVED**
DEC 29 2021
OFFICE OF THE
GENERAL COUNSEL

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action previously been filed and dismissed or transferred after having been assigned to a Judge.

## COMPLAINT

NOW COMES, Plaintiff, La Vaughn Taylor-Haywood (hereinafter "Plaintiff"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendants states as follows:

1. Plaintiff, La Vaughn Taylor-Haywood is a resident of the City of Detroit, County of Wayne and State of Michigan.

2. Defendant, Henry Ford Health System (hereinafter "HFHS") is a domestic non-profit corporation whose registered office is 2799 W. Grand Blvd, Detroit, MI 48202, who is duly authorized to do business in the County of Wayne and State of Michigan

3. Defendant, Cigna Healthcare Inc., (hereinafter "Cigna") is a foreign for-profit corporation whose registered resident office is 112 S. Washington Square, Lansing, MI 4893, who is duly authorized to do business in the County of Wayne and State of Michigan.

4. The events producing the original injury occurred in Wayne County, Michigan.

5. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in Wayne County.

6. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendants constituting negligence and unlawful discrimination/harassment due to Plaintiff's disability, in violation of the American with Disabilities Act of 1990 ("ADA"), the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* ("PWDCRA"), and the Family and Medical Leave Act of 1993 which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. Plaintiff began full time employment with HFHS in or around January 2011, as a Secretary II, and last worked as a Senior Administrative Secretary.

9. Plaintiff worked for HFHS for almost nine years without any disciplinary actions, and received positive performance reviews.

10. In or around March 2020, Plaintiff was sent home to work part-time due to Covid-19, and worked remotely.

11. On or about June 5, 2020 Plaintiff broke her ankle and took FMLA leave.

12. In or around July 2020, Plaintiff returned to work full time while still suffering from her broken ankle and was confined to an Aircast boot and a walker.

13. On or about July 20, 2020, Plaintiff was assigned a new supervisor, Sue Hart (hereinafter "Hart"), an agent and/or employee of HFHS.

14. On or about August 3, 2020, Plaintiff went to a scheduled doctor's appointment, for continued treatment for her ankle after providing HFHS the required notice.

15. Hart began to harass Plaintiff, first by saying she was not made aware of Plaintiff's appointment, and that Plaintiff had not properly made Hart aware of

the appointment.

16. Hart continued to follow Plaintiff around and harassed her on several different occasions.

17. On or about August 10, 2020, Plaintiff received her first performance evaluation, from her new supervisor, which alleged that Plaintiff had not been following company practices.

18. Hart further attempted to harass Plaintiff due to the use of her FMLA and disability by changing Plaintiff's work hours, which had not changed since the start of Plaintiff's employment.

19. Plaintiff contacted HR, which instructed Plaintiff to meet with Hart several times.

20. Despite Plaintiff's complaints to Human Resources and efforts to work with Hart, Hart continued to harass Plaintiff.

21. On or about Saturday, March 6, 2021, Plaintiff's father and uncle passed away.

22. On or about March 8, 2021, Plaintiff notified Hart of these deaths, and that she would be out for the week.

23. When Plaintiff returned to work, Hart instructed Plaintiff to take a leave of absence.

24. On or about March 13, 2021, Plaintiff went to her father's funeral, and

returned to work on March 15, 2021.

25. On or about March 15, 2021, Plaintiff returned to work, but began to have severe anxiety and mental health issues.

26. On or about March 16, 2021, Plaintiff attended her uncle's funeral.

27. Plaintiff notified Cigna, HFHS's healthcare company that she would be going on FMLA leave.

28. Starting on March 17, 2021, Plaintiff went on FMLA leave.

29. Plaintiff's FMLA leave was scheduled to end on May 10, 2021.

30. On or about May 4, 2021, Hart contacted Plaintiff and informed her that her FMLA leave had ended on May 3, 2021, and that she was not excused on May 4, 2021.

31. Plaintiff informed Hart that her leave was scheduled to end on May 10, 2021.

32. Hart contacted Plaintiff more than eight times between May 4, 2021, and May 6, 2021, while Plaintiff was on FMLA leave.

33. On or about May 10, 2021, Plaintiff returned to work and noticed that many of the items in her office had been either destroyed and other items were missing.

34. Plaintiff asked Hart about this and Hart responded, "I didn't know when you were coming back from your FMLA."

35. On or about May 11, 2021, Plaintiff asked again about the moved items, but did not have the items returned to her.

36. On or about May 12, 2021, Plaintiff called in for a day off.

37. On or about May 13, 2021, Plaintiff came in to her office and was sat down by the head of her department and Hart, who told her that because of her disability, they were going to move her and change several conditions of her employment.

38. After Plaintiff, heard these comments, she had a severe anxiety attack, and took the remainder of May 13, 2021 off.

39. Plaintiff informed her doctor of this anxiety attack and her doctor decided to put Plaintiff on new medication.

40. On or about May 18, 2021, Plaintiff's new anxiety medication caused her to feel disorientated and confused.

41. Plaintiff was concerned that it was not safe to drive and immediately called Defendant Cigna, and her medical provider, informing her that she would need to exercise FMLA leave.

42. On May 20, 2021, Plaintiff was terminated by HFHS, allegedly because of a no-call/no-show for three days in May 2021.

43. Defendant Cigna did not notify HFHS of Plaintiff's FMLA leave until May 28, 2021.

44. HFHS's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

45. HFHS, through its agents, representatives and employees were predisposed to harass Plaintiff on the basis of her disability and acted in accordance with that predisposition.

46. On or about August 24, 2021, Plaintiff received a Right to Sue letter from the EEOC.

## COUNT I
## VIOLATIONS OF THE
## AMERICANS WITH DISABILITIES ACT OF 1990 AND THE PWDCRA

47. Plaintiff incorporates by reference paragraphs 1 through 46 of the Complaint as though fully set forth herein.

48. At all times relevant Plaintiff suffered from either a broken ankle or a severe anxiety disorder, a disability under the ADA and PWDCRA, which Defendants perceived or regarded as a disability and which substantially interferes with major life activities.

49. Pursuant to the ADA and the PWDCRA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

50. Plaintiff's disability was a factor in Defendant HFHS's employment decisions.

51. Defendant HFHS is an employer within the meaning of the ADA and the PWDCRA.

52. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon her disability, her perceived or regarded disability, and her request for accommodations, by HFHS, its employees and agents to the point where her status as an employee has been detrimentally affected.

53. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

54. Plaintiff is entitled to exemplary and compensatory damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

55. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

   a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

   b. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

   c. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

56. As a direct and proximate result of the actions of Defendant HFHS, Plaintiff was the subject of discriminatory conduct on the part of Defendant HFHS, and its agents and employees.

57. Because of the unlawful conduct of Defendant HFHS, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $25,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993

58. Plaintiff incorporates by reference paragraphs 1 through 57 of the Complaint as though fully set forth herein.

59. Plaintiff was an employee of Defendant HFHS, and eligible for FMLA leave.

60. Defendant HFHS was Plaintiff's "employer" within the meaning of the FMLA.

61. Plaintiff was entitled to up to 12 weeks FMLA leave per year for a

serious medical condition.

62. Plaintiff had a severe anxiety disorder, a severe medical condition under the FMLA, and was approved for FMLA leave.

63. Adverse action by the employer interfered with Plaintiff's right to take FMLA time in violation of FMLA by constantly calling her and bothering her when she was on FMLA leave.

64. Defendant HFHS's termination of Plaintiff was related to Plaintiff's exercise of FMLA leave.

65. Defendant HFHS discriminated against Plaintiff for her use of FMLA time by terminating her, which is an adverse employment action under the FMLA.

66. Defendant HFHS's adverse employment decision was made because of Plaintiff's use of FMLA.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT III
## NEGLIGENCE

67. Plaintiff incorporates by reference paragraphs 1 through 66 of the Complaint as though more fully set forth herein.

68. Defendant, Cigna, was the third-party healthcare provider for Plaintiff's

employer Defendant, HFHS and was responsible for processing medical leaves including FMLA leaves and advising Plaintiff and Defendant, HFHS when Plaintiff's FMLA leaves were approved or denied and whether Plaintiff needed to provide additional medical verification.

69. As Defendant, HFHS's third-party healthcare provider, Defendant, Cigna undertook, assumed and owed a duty to Plaintiff to process her requests for medical leave with reasonable care, prudence and accuracy in accordance with the laws of the State of Michigan thereby creating a special relationship between Plaintiff and Defendant, Cigna.

70. Defendant, Cigna breached its duty to Plaintiff by failing to provide Defendant, HFHS with notification that it had approved Plaintiff's FMLA leave.

71. Defendant, Cigna's failure to advise Defendant, HFHS that Plaintiff had been approved for FMLA leave was a proximate cause for Defendant, HFHS terminating Plaintiff.

72. As a direct and proximate result of Defendant, Cigna's breach of duties owed to Plaintiff, Plaintiff sustained, and will sustain in the future, injuries and damages, including, but not limited to, loss of earnings; loss of career opportunities; mental and emotional distress; loss of reputation and esteem in the community; and loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

73. Defendant Cigna is vicariously liable for the negligence and tortuous conduct of its employees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

                                            Respectfully submitted,

                                            **BATEY LAW FIRM, PLLC**

                                 By: /s/Scott P. Batey
                                     SCOTT P. BATEY (P54711)
                                     Attorney for Plaintiff
                                     30200 Telegraph Road, Suite 400
                                     Bingham Farms, Michigan 48025
                                     (248) 540-6800-telephone
                                     (248) 540-6814-fax
                                     sbatey@bateylaw.com

Dated: November 19, 2021

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

LA VAUGHN TAYLOR-HAYWOOD,

    Plaintiff,

v.

                                 Case No: 21-      -CD

HENRY FORD HEALTH SYSTEM,
and CIGNA HEALTHCARE, INC.

                                 Hon.

    Defendants.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, La Vaughn Taylor-Haywood, by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: November 19, 2021